IN THE MATTER OF THE APPLICATION OF GEORGE H. FAIRCHILD FOR A WRIT OF MANDAMUS AGAINST W. G. SMITH, CHARLES A. RICE AND W. G. SHELDON, COMPOSING THE BOARD OF REGISTRATION FOR THE ISLANDS OF KAUAI AND NIIHAU.

APPEAL FROM CIRCUIT JUDGE, FIFTH CIRCUIT.

SUBMITTED OCTOBER 5, 1903.    DECIDED OCTOBER 7, 1903.

FREAR, C.J., GALBRAITH, J., AND DeBOLT, FIRST JUDGE, CIRCUIT COURT, FIRST CIRCUIT, IN PLACE OF PERRY, J., ABSENT.

Under the provisions of the Organic Act and the County Act, there can be no new registration of voters for the first county election, in 1903. The registration list of voters for 1902 alone can be used.

This is an appeal from a peremptory writ of mandamus issued by the Circuit Judge of the Fifth Circuit ordering the respondents, as the Board of Registration for the islands of Kauai and Niihau, which constitute the Sixth Representative District and are about to become the County of Kauai, to convene before October 10, 1903, and permit the petitioner to submit to them the proofs of his right to be registered as a qualified elector in said District. The question is, whether, for the election of county officers on November 3, 1903, that is, at the first election under Act 31 of the Laws of 1903, which provides for the organization of county governments in this Territory, the registration list prepared immediately prior to the general election of 1902 for Delegate, Senators and Representatives should alone constitute the list for the county election in question, or whether a complete new, or at least a supplementary list, should now be prepared so as to let in persons otherwise qualified at the present time but who were not registered in 1902 because of illness or absence or because they were not then otherwise qualified or because of other reasons. It would no doubt, as contended, be a hardship for one who could not have registered last year to be prevented from voting this year, if otherwise qualified, and, in case of doubt, the court naturally would lean to that construction which would permit him to register and vote, but the provisions of both the Organic Act and the County Act which bear upon this question are so plainly against the petitioner's contention as to preclude the relief sought.

The Organic Act provides (Sec. 14) for general elections of Senators and Representatives in November, 1900, and every second year thereafter, and (Sec. 60) "That in order to be qualified to vote for representatives a person shall— * * * Fourth. Prior to each regular election, during the time prescribed by law for registration, have caused his name to be entered on the register of voters for representatives for his district. * * *," and (Sec. 62) "That in order to be qualified to vote for Senators and for voting in all other elections in the

Territory of Hawaii a person must possess all the qualifications and be subject to all the conditions required by this Act of voters for representatives." Thus it appears that in order to vote at the coming county election, which is included among "all other elections" in Section 62, a person must under that section possess all the qualifications and be subject to all the conditions required of voters for representatives, and that one of those qualifications or conditions (it is immaterial whether it be considered one or the other, although both Sections 60 and 62 expressly call it a qualification) is that the person not only shall have registered but shall have registered prior to the regular election for representatives, that is, in the present case, in 1902. In harmony with and emphasizing this are the Rules and Regulations for Holding Elections (Civil Laws, Appendix) which were amended and continued in force by Section 64 of the Organic Act. Section 31 of these rules (Civ. Laws, p 796), as amended, provides that, "The Boards shall meet within their respective Districts at such times between the last day of August and the tenth day of October in the year nineteen hundred, and between such days in each second year thereafter, as many times as may be necessary to enable them to register all persons entitled to register," and Section 32 provides that, "At any intermediate special election the register of voters used at the last preceding general election shall be used without change." It is thus clear that the register used at the last preceding regular or general election for representatives is the one to be used not only at intermediate elections of representatives, but also at all other elections in the Territory, including county elections. If the County Act contained provisions inconsistent with these provisions of the Organic Act, it would, of course, be invalid and inoperative to that extent.

But the County Act itself would seem to call for the same conclusion. The portion of that Act that provides for the first county election is Chapter 83, which includes Sections 456-470. The only section that provides specifically who may vote at this election is 462, which reads: "All persons shown by the records to have been qualified voters at the general election in the

year 1902, shall be qualified to vote at such election. The lists forwarded by the Inspectors of Election to the Secretary of the Territory; after the election, shall be forwarded by the Secretary at some time prior to the election, in order that the Inspectors may be provided with lists of all persons qualified to vote." This shows as clearly as can be shown by implication that only those may vote at this. election whose names are on the lists prepared for the general election of 1902. The first sentence of this section expressly prescribes who shall be qualified to vote, namely, those on those lists, and the second sentence expressly provides how those who are qualified shall be ascertained by the Inspectors, namely, by the latter being furnished with such lists, and this is "in order that the Inspectors may be provided with lists of *all* persons qualified to vote." But it is contended that Sections 465 and 466 provide otherwise. These read as follows: "Section 465. All of the provisions of law relating to general elections are hereby declared to be applicable to such election. Section 466. All of the provisions of law are hereby declared to be applicable to such election except that all records or information thereby required to be forwarded to any sheriff, shall instead be forwarded to the Secretary of the Territory." The contention is that "all of the provisions of law," that is, of the general election laws, that are made applicable to this election by these sections, include the provision for meetings of the Boards of Registration, set forth in Rule 31 above quoted. Now, it might, perhaps, be a sufficient answer to this to say that, if Rule 31 is taken literally, either it has already been complied with, for the Boards did sit at the times therein prescribed in 1902 and are not required to sit again under that rule until 1904, or else that the rule is inapplicable because it makes no provision for meetings in 1903. But, assuming that we could, in the absence of other objections, apply the rule as nearly as may be, that is, by changing the dates to suit the circumstances, still the contention cannot be sustained. Section 462, being particular, must control Sections 465 and 466, which are general. The two are to some extent inconsistent and would give rise to many difficulties, if an attempt should

be made to apply both. For instance, should the Boards make out entirely new lists under Sections 465 and 466 and Rule 31, irrespective of whether applicants were on the lists of 1902 referred to in 462? If so, they would be obliged to omit (contrary to the provisions of that section) some names appearing on those lists because some of those who were qualified when those lists were prepared are no longer qualified, and others on those lists could not, owing to illness or absence, personally apply for registration, as required by law, prior to October 10, but might be able to attend at the polls on November 3. Or, should the Boards make only supplementary lists of those who are now otherwise qualified but who are not on the lists of 1902? If so, assuming that the Boards could ascertain who were on the former lists so as to enable them to prepare supplementary lists, they would have two lists, for which there is no authority whatever under either the election or the county law, and not only would there be two lists, but the two would be made up on different bases,—one on the basis of conditions in 1902, the other on that of conditions in 1903. Or, should the Boards make new lists of all, but first place upon it all the names registered in 1902? If so, the lists would similarly be made up in part on one basis and in part on another and those on the old lists would be registered without personal application, contrary to law, &c., &c. Or, if a new list should be made, then (considering merely the question of the construction and not of the validity of these provisions of the County Act) since Section 462 prescribes who may vote at this election, the Boards could register only those therein described, namely, those on the lists of 1902, which would bring us back to where we started. But not to proceed further along this line, we may conclude by saying that if any new names could be registered under the general Sections 465 and 466, then the particular provision of Section 462 by which "*all* persons qualified to vote" at this election are to be ascertained by reference to the lists of 1902 would be nullified.

It is contended further that if the County Act does not permit persons to vote who are qualified except in the matter of registration, the law is invalid in that respect. It is true that some

courts have held that where the constitution prescribes the qualifications of voters and does not include registration among them, the legislature cannot add that, although it is said to be the better opinion that the legislature may, as a matter of regulation, require registration in such cases and even prevent persons from voting who become otherwise qualified after the last session of the board of registration and before election day, provided that interval is not unreasonably long. See 10 Am. & Eng. Enc. of L., 2nd Ed., 581; *State v. Butts,* 31 Kans. 537; 2 Pac. 618; *Weil v. Calhoun,* 25 Fed. 865; *People v. Hoffman,* 116 Ill. 587. If the provision of Section 462 of the County Act were contrary to the provisions of the Organic Act in this respect, the question might arise whether the result would not be that there could be no election rather than that the Boards could register others than those who are in terms permitted to vote. But in the present case all question of the validity of the law in this respect is removed by the fact that, as above shown, the Organic Act itself in effect provides that the list of 1902 shall alone be used at the election of November 3, 1903.

It is also contended that registration is only a regulation or prerequisite or condition and not a qualification. There are several passages in the Rules referred to that favor this contention, although, as pointed out above, Sections 60 and 62 of the Organic Act expressly refer to registration as a qualification. But it is immaterial which it is, for the Organic Act (Sec. 62) requires the voter at this election to "be subject to all the conditions" as well as to "possess all the qualifications" required of voters for representatives, one of which is registration in 1902, and Section 462 of the County Act makes the list of 1902 the sole test of *"all* persons qualified to vote" at this election.

It is suggested by counsel on both sides that the court express an opinion also upon the question, not presented in this case, but which it is intimated might be presented in another case, whether the petitioner is an "elector" of the county, within the meaning of Section 14 of the County Act, so as to be qualified for election as a member of the County Board of Supervisors, for which he has been nominated. This question not only is not

presented in this case but has not been argued. We feel that we should express no opinion upon it.

The order of the Circuit Judge appealed from is set aside and the case remanded to him for any further proceedings that may be proper consistently with this opinion.

*R. W. Breckons* and *M. F. Prosser* for petitioner.

*Attorney-General L. Andrews* and *J. D. Willard* for respondents.